IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:   5:12cr5/RS/GRJ
                                                              5:14cv156/RS/GRJ
JIMMIE LEE AIKENS, JR.

_____

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law. (Doc. 667.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.[1]

### BACKGROUND and ANALYSIS

Defendant pleaded guilty to controlled substance and firearm offenses and was sentenced to a total term of 180 months imprisonment. (Docs. 338, 476.) Judgment was entered on December 20, 2012. (Doc.. 476.) He did not appeal. Nothing further was filed until Defendant filed the instant motion to vacate pursuant to the prison

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

mailbox rule[2] on May 30, 2014. (Doc. 667 at 2.) Defendant raises a single ground for relief in his motion. He contends that his sentence was improperly enhanced under the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 1924 (2013).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant contends that this motion is timely filed pursuant to § 2255(f)(3) because it is filed within one year of the Supreme Court's decision in Descamps. However, the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the undersigned found any cases applying Descamps retroactively to cases on collateral review, although many cases have held to the contrary. *See, e.g.,* United States v. Boykin, Case Nos.

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 5:12cr5/RS/GRJ; 5:14cv156/RS/GRJ

4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Groves v. United States, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."); Larvie v. United States, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on Descamps and noting that court had found no cases that had found Descamps retroactively applicable on collateral review); Pulley v. United States, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that Descamps broke no new ground and thus did not "revive the one year limitations period of § 2255"); Baker v. Zych, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that Descamps is not retroactive on collateral review); Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying Descamps retroactively to cases on collateral review"); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing law and thus did not apply retroactively on collateral review); United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that Descamps is retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal

Case Nos.: 5:12cr5/RS/GRJ; 5:14cv156/RS/GRJ

Case 5:12-cr-00005-MW-GRJ   Document 669   Filed 06/30/14   Page 4 of 5

Page 4 of 5

before Descamps was decided);  Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D. Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Randolph v. United States, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013) ("The Supreme Court has not, however, indicated that Descamps applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps retroactively applicable on collateral review); Strickland v. English, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding Descamps was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause).  Therefore, Defendant's motion is time-barred and should be dismissed.[3]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

---

[3] Defendant relies exclusively on Descamps as the basis for his motion, and thus a discussion of equitable tolling is unwarranted.

Case Nos.: 5:12cr5/RS/GRJ; 5:14cv156/RS/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 667) should be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 30th day of June 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 5:12cr5/RS/GRJ; 5:14cv156/RS/GRJ